## DENNIS M. GAVIGAN *v.* COMMISSIONER OF REVENUE SERVICES
### (AC 25191)

McLachlan, Harper and Peters, Js.

Argued February 18—officially released May 17, 2005

*Dennis M. Gavigan,* pro se, the appellant (plaintiff).

*Paul M. Scimonelli,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. In this tax appeal, a taxpayer challenges the validity of state income tax reassessments for the 1996 and 1997 tax years. In conformity with state law, the taxpayer filed state income tax returns that mirrored the adjusted income that he had stated in his federal tax returns. General Statutes § 12-701 (a) (19).[1] In both filings, he reported zero income. After an

---

[1] General Statutes § 12-701 (a) (19) provides: " 'Adjusted gross income' means the adjusted gross income of a natural person with respect to any taxable year, as determined for federal income tax purposes and as properly reported on such person's federal income tax return."

audit, the taxpayer's federal returns were found to be inaccurate. He maintains, nonetheless, that the ensuing federal reassessments did not authorize our commissioner of revenue services to reassess his state income taxes without documenting a discrepancy between a revised federal income tax return and his state tax return. The trial court rejected that argument and so do we.

The plaintiff, Dennis M. Gavigan,[2] filed a tax appeal in the trial court to challenge tax assessments levied by the defendant, the commissioner of revenue services (commissioner). He did not challenge the amount of the assessments directly. Instead, he argued that his filing of functionally identical zero income tax returns under both federal and state law established his state tax immunity in the absence of documentation validating the federal reassessment of his federal income tax. The commissioner, denying that he had any obligation to provide such documentation, relied on case law holding that taxpayers who challenge deficiency assessments have the burden of proving improprieties in their revised tax bills. The court agreed with the commissioner. The plaintiff has appealed.

The facts are undisputed. For the tax years 1996 and 1997, the plaintiff reported both to the Internal Revenue Service and to the commissioner that he had earned zero income and therefore owed no taxes. Nonetheless, he included within his 1996 state tax return a W-2 form attesting to wages that he had earned. After auditing his returns for 1996 and 1997, the Internal Revenue

---

[2] Originally, the plaintiff's wife, Laura A. Gavigan, also was named in this appeal, challenging the separate judgment rendered against her in her administrative appeal. We dismissed her appeal on the ground that her husband, as a pro se litigant, could not represent her in this matter. Although given the opportunity to appeal in her own name, she did not do so.

Service ordered him to pay federal income taxes that reflected wages that he had earned during those years.

Although the federal tax authorities notified the plaintiff of his revised federal tax liability, the plaintiff did not comply with the requirement of General Statutes § 12-727 (b) (1)[3] to amend his zero income state tax return to conform to his postaudit federal tax assessment. The commissioner, having received similar notification from the Internal Revenue Service, then sent the plaintiff a notice of reassessment so as to remedy the discrepancy between his state return and his federal return as audited. Although the plaintiff does not deny his receipt of that notification, he complains that the commissioner never sent him a formal demand for payment or a notice of final assessment.

In his departmental appeal from the reassessment, the plaintiff asked the commissioner to document the alleged discrepancy between his federal and his state tax returns. He maintained that the discrepant information that the state received from an Internal Revenue Service report was not sufficient to substantiate reassessment of his state taxes. The department denied his appeal.

---

[3] General Statutes § 12-727 (b) (1) provides in relevant part: "If the amount of a taxpayer's federal adjusted gross income . . . reported on such taxpayer's federal income tax return for any taxable year is changed or corrected by the United States Internal Revenue Service or other competent authority . . . the taxpayer shall provide notice of such change or correction in federal adjusted gross income or federal taxable income, as the case may be, to the commissioner by filing, on or before the date that is ninety days after the final determination of such change, correction or renegotiation, or as otherwise required by the commissioner, an amended return under this chapter and shall concede the accuracy of such determination or state wherein it is erroneous. The provisions of the preceding sentence shall also apply if an individual's computation of tax under Section 1341 (a) (4) or (5) of the Internal Revenue Code is changed or corrected by the United States Internal Revenue Service or other competent authority. The commissioner may redetermine and the taxpayer shall be required to pay the tax for any taxable year affected, regardless of any otherwise applicable statute of limitations."

In his appeal to the trial court pursuant to General Statutes § 12-730,[4] the plaintiff renewed his claim that, because he had filed identical state and federal income tax returns in the relevant tax years, he was not obligated to pay additional state income taxes unless and until the commissioner documented a discrepancy between the two returns. It was not enough for the commissioner to show that he had received reliable information from the Internal Revenue Service that attested to the errors in his federal tax returns.

The court was not persuaded. After noting that, in a tax appeal, taxpayers bear the burden of proving that the commissioner's assessment was improper; see, e.g., *Leonard* v. *Commissioner of Revenue Services*, 264 Conn. 286, 302, 823 A.2d 1184 (2003); the court held that, as a resident of this state, the plaintiff was required to pay state income taxes reflecting his gross income, including wages earned and interest received. General Statutes § 12-700. The court further held that the plaintiff's filing status under the federal internal revenue code was determinative of his filing status for his state income tax liability. General Statutes § 12-702 (b) (1).[5]

In his appeal to this court, the plaintiff renews his contention that he was entitled to judgment because the administrative record did not contain substantial

---

[4] General Statutes § 12-730 provides in relevant part: "Notwithstanding the provisions of chapter 54 to the contrary, any taxpayer aggrieved because of any determination or disallowance by the commissioner under section 12-729, 12-729a or 12-732 may, within one month after notice of the commissioner's determination or disallowance is mailed to the taxpayer, take an appeal therefrom to the superior court for the judicial district of New Britain, which shall be accompanied by a citation to the commissioner to appear before said court. . . ."

[5] General Statutes § 12-702 (b) (1) provides that "[a]ny person subject to tax under this chapter who files a return under the federal income tax for such taxable year as a head of household, as defined in Section 2 (b) of the Internal Revenue Code, shall be entitled to a personal exemption of nineteen thousand dollars in determining Connecticut taxable income for purposes of this chapter."

evidence "to support the basis or the stated reason for the [commissioner's] decision." He cites no state court cases imposing this burden on the commissioner and we know of none. Significantly, he fails even to mention General Statutes § 12-727 (b) (1), which expressly authorizes the commissioner to redetermine a taxpayer's state tax liability if the taxpayer's "federal adjusted gross income . . . is *adjusted or corrected* by the United States Internal Revenue Service." (Emphasis added.) The plaintiff's appeal cannot be sustained.

The judgment is affirmed.